## Fleisher v. Fleisher

*Simon C. Grossman,* for libellant; *S. J. Kauffman,* for respondent.

PARRY, J., April 3, 1933.—The libel alleged cruel and barbarous treatment, indignities to the person and desertion, and we think the libellant's testimony, which is uncontradicted, supports these allegations. The master, however, found that there had been an understanding between the parties to obtain a divorce sufficient in law to amount to collusion, and recommended that the libel be dismissed. To this the libellant excepted, and the matter was referred to the master for the taking of further testimony on the question of collusion and to establish grounds for divorce. The supplemental report filed by the master does not deal

with the allegations of the libel, and he finds no reason to alter his previous recommendation.

The exceptions now filed by the libellant, we think, must be sustained. The master bases his conclusion, first, on the fact that the libellant in one part of her testimony said that she did not want a divorce, and, second, that a witness, Mrs. Satinsky, said that a sum of $500 had been deposited with her by the respondent to be paid by her to the libellant if she obtained a divorce.

It seems clear to us from a perusal of the testimony that the libellant's statement that she did not wish a divorce is to be referred to the time of the unfortunate occurrences which compelled her to leave her husband's house, and she then made several attempts at reconciliation which were unsuccessful.

It appears that the parties executed an antenuptial agreement by which the libellant waived all claim upon her husband's estate in consideration of the sum of $500 to be paid to her upon his death. Nearly two years after the libel was filed, in pursuance of negotiations between counsel, $500 was deposited by the respondent with Mrs. Satinsky as a stakeholder. This was to be in lieu of alimony pendente lite and libellant's counsel fee and was to be paid over by the stakeholder to the libellant if the divorce was granted and was to be returned to the respondent if it was not. Neither the facts nor any reasonable inference therefrom will support the master's conclusion that the deposit of $500 induced the filing of the libel. Collusion is a corrupt agreement between a husband and wife for the purpose of enabling one of them to obtain a divorce, but nothing of the sort appears in this case.

We think it unnecessary to refer the matter again to the master, for the evidence in support of the allegations of the libel is clear and convincing and affords ample ground for a recommendation that a decree be granted.

The exceptions to the report of the master are sustained. Let final rule issue.